The opinion oí the court was delivered by
Breaux, J.
The defendant made a note, payable one day after date to plaintiff or bearer, for the sum of $2147.
He, at the same time, waived citation and the legal delays, confessed judgment in favor of the legal holder for the amount and interest and for 10 per cent, interest, in addition, for attorney’s fee in case of suit to recover payment.
He also gave his written consent at the time to the proving of this confession before any court of competent jurisdiction.
Nearly five years after maturity plaintiff presented his petition to the court of defendant’s residence and prayed for the enforcement of this waiver and for judgment without citation.
A judgment of non-suit was rendered, from which plaintiff appeals.
In argument counsel representing the plaintiff contends that citation can be waived at the time and in the manner it was waived by the drawer of the note.
Oounsel for the defendant argues that a defendant can not waive a service of petition and citation in any other manner than that provided by .Article 177 of the Code of Practice.
Further, that the waiver of citation and confession of judgment on the note sued on is not such a waiver as is contemplated by law.
If the question presented is not exclusively personal, but one the community is interested in enforcing as a rule of right affecting the general interest; if it be one appertaining to a public cause, it can not be waived.
The interest of the community is an expression of general import. The community is a fictitious body composed of individual persons. The sum of the interest of its members constitutes the community. If the renunciation of laws is made in • derogation of this common interest — this sum of the interests — it is a wrong which should not receive judicial sanction.
*774 If the individual member of the community chooses to renounce a personal right of property affecting no interest except his own, and not in violation of a law made prohibitory in its character in the interest of the body politic, or in the maintenance of public order or good morals, he alone is concerned.
We quote from Judge Cooley in his “ Treaties on Constitutional Limitations,” p. 220, 4 Ed.:
‘ ‘ Where a constitutional provision is designed for the protection solely of the property rights of the citizens, it is important for him to waive the protection, and to consent to such action as would be invalid if taken against his will.”
The statute must be read with an implied proviso that the party to ■be affected shall assent thereto. A party may consent to waive rights of property. The waiver in the instant case relates to rights appertaining to property.
Having laid down these propositions, it becomes necessary to determine whether the waiver of a citation and the confession of a judgment as made are illegal and null. We think not.
In abruptly reaching this conclusion we are not unmindful of the hardships that may be imposed on the confiding and too willing debtor, and we have felt impressed by the possibilities of imposition ably presented by defendant’s counsel.
But these individual considerations should not be of any avail in. determining a question general in its nature, and in regard to which legislative authority is silent.
Art. 178, C. P., if mandatory as contended, it is mandatory only in so far as the clerk is concerned.
The defendant can waive its provisions in so far as relates to his. personal rights.
If Art. 177, O. P., is mandatory to that officer, it is not as to a defendant who can waive the rights secured in his interest. '
They provide one of the forms whereby service may be waived. It is not sacramental or exclusive. These articles are directory.
In forced sales it is provided that appraisers shall be appointed.
The debtor, when his rights alone are affected, can waive their appointment. The right to waive is the rule, and is denied only in compliance with some provisions of law.
“In all cases in which it is not expressly or impliedly prohibited, parties can renounce what the law has established in their favor, *775 when the renunciation does not affect the rights of others, and is not contrary to the public good,” the welfare of the whole body politic. Art. 11, O. O.
“In all covenants every one may renounce his own rights, and that which is for his advantage, provided that he does nothing contrary to equity, law and good manners, nor to the interest of third persons.” Domat, Yol. 1, p. 178.
“An individual is always at liberty to waive the benefit of laws made for his advantage.”
There are exceptions classed as follows by Toullier:
1. “Where the law itself has prohibited any deviation from its dispositions.
2. “Where it may be inferred from the dispositions or the motives of the law that it is absolutely prohibitory.
8. “Where the law has for its foundation some public or political cause, or the interest of a third person.”
The case at bar does not come within these exceptions.
The stipulation or pact de non alienando is but a waiver of citation or notice. .
It has become a part of our system of laws without special enactment.
It has received the sanction of our jurisprudence.
The third possessor can be divested of his ownership or possession without citation or notice.
“ The payee, may confess judgment for the maker.” Danielson Notes, 8 E., p. 66.
The question presented is not res nova. If it were it may be that our conclusions would be different.
In the case of Toledano vs. Relf, 7 An. 61, “the sale was by authentic act, which, among other things, provided that the act should import confession of judgment and that the vendor should have the right immediately, and before the delivery of the goods, to have judgment entered thereon for the amount of the notes, with interest, without any previous citation or notice; that no appeal should be taken from said judgment or any notice thereof to the defendants be required.
On a petition filed on the same day judgment was rendered.
The act on which judgment was rendered contained a power to the *776 creditor to enter up formally a judgment in a court haying jurisdiction.
An authority the court held in that case which can be legally given to a plaintiff.
“ On the exhibition of an act of the kind, we think courts have the power to carry into effect the agreements of parties.”
During many years agreements were made electing domicil for the purpose of being sued.
This election was a personal right and could be waived.
In 1861 an act was adopted to invalidate such agreements, and a a general rule was laid down that a party must be sued at his domicil, and the fruitful canse of discussion and contention was brought to an end.
Courts have not the authority to remedy the practice complained of. The question is one of legislative policy, and must be left to that authority to remedy.
It is therefore adjudged and decreed, that the judgment of the lower court be and is hereby annulled, avoided and reversed.
By reason of the confession of judgment, and the law and the evidence being in favor of plaintiff, it is ordered, adjudged and decreed that he recover of the defendant the sum of $2147, with 8 per cent, per annum, interest on said sum from March 8, 1888, and for the further sum of 10 per cent, on said account, for attorney’s fee and for all costs.